**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARL ROGER DAVIS and JO ELAINE DAVIS,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 07-3039-CV-S-RED |
| **UNITED STATES GOVERNMENT, THE, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Now before the Court is defendants' Motion to Dismiss (#5). After careful consideration, the Court **GRANTS** defendants' motion.

## BACKGROUND

On February 2, 2007, plaintiffs filed a seven count complaint against defendants seeking to enjoin defendants' investigation and prosecution of plaintiffs' suspected tax code violations and seeking to have certain tax statutes declared unconstitutional. The clear goal of plaintiffs' complaint is to prevent collection of taxes from plaintiffs and avoid prosecution for plaintiffs' refusal to pay taxes. Defendants moved to dismiss plaintiffs' complaint.

## DISCUSSION

*Plaintiffs' claims are barred by the Anti-Injunction Act.*

The Anti-Injunction Act, 26 U.S.C. § 7421 ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." "The courts have repeatedly recognized that the [AIA] generally prohibits injunctions against any and all acts necessary or incidental to the assessment or collection of taxes, as well as

against the specific acts of assessment and collection themselves." *Nichols v. U.S.*, No. 95-0334-CV-W-8, 1995 WL 835041, *2 (W.D. Mo. Dec 18, 1995). The investigation and prosecution plaintiffs seek to enjoin is incidental to the assessment or collection of taxes, so the AIA bars the Court from issuing the requested injunction.

Plaintiffs argue that their claims are authorized under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. However, this Court previously held that "the provisions of the Administrative Procedure Act for judicial review do not override limitations of the Anti-Injunction Act." *Nichols v. U.S.*, No. 95-0334-CV-W-8, 1995 WL 835041, *3 (W.D. Mo. Dec 18, 1995) (citing *Fostevedt v. U.S.,* 978 F.2d 1201 (10th Cir. 1992); *O'Dweyer v. Commissioner,* 266 F.2d 515 (4th Cir. 1959)).

Plaintiffs also argue that their claims are exempt under the AIA pursuant to 26 U.S.C. § 6213(a) which, in certain circumstances, permits injunctions of ongoing assessment, levy, and collection proceedings when notice of a deficiency was not sent to the taxpayer. This is not the issue presented in this case, and 26 U.S.C. § 6213(a) does not apply.

### *Plaintiffs claims are barred by the Declaratory Judgement Act.*

The Declaratory Judgement Act, 28 U.S.C. § 2201 ("DJA"), permits the Court to declare the rights and other legal relations of parties "except with respect to Federal taxes." Accordingly, plaintiffs request for a declaratory judgment on the constitutionality of federal tax statutes is barred by the DJA. *See Wyoming Trucking Association v. Bentsen*, 82 F.3d 930, 933-34 (10th Cir. 1996); *Willis v. Alexander*, 575 F.2d 495, 496 (5th Cir. 1978); *McGraw v. U.S.*, 782 F. Supp. 1332, 1334 (E.D. Mo. 1992).

## CONCLUSION

For the reasons stated herein and in defendants' briefs, Defendants' Motion to Dismiss (#5) is **GRANTED**.  All claims pled in plaintiffs' complaint are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

DATED:	June 25, 2007	*/s/ Richard E. Dorr*
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT